**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 18-1716

SHAWN THOMAS MOORE,

Appellant

v.

BRIAN LUFFEY, PrimeCare Administrator; SUSEN ROSSINO, M.D.;
PRIMECARE MEDICAL, INC.

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-14-cv-00870)
District Judge: Honorable David S. Cercone

Submitted under Third Circuit LAR 34.1(a)
on February 6, 2019

(Opinion filed April 19, 2019)

Before: HARDIMAN, SCIRICA and RENDELL, Circuit Judges.

**RENDELL**, <u>Circuit Judge</u>:

Shawn Moore brought this suit under 42 U.S.C. § 1983, asserting that Dr. Susen Rossino violated his constitutional rights through her deliberate indifference to his serious medical needs during his time as a pretrial detainee. The District Court granted summary judgment in favor of Dr. Rossino. It concluded that Moore failed to establish that Dr. Rossino provided inadequate medical care falling so far below the standards of professional care as to constitute deliberate indifference. For the reasons that follow, we agree and will affirm the District Court's order granting summary judgment.

## I.    Factual Background

Moore was incarcerated at the Lawrence County Jail in New Castle, Pennsylvania as a pretrial detainee from June 4, 2012 until May 22, 2015. During this time, Dr. Rossino contracted with PrimeCare Medical, Inc. ("PrimeCare") to provide physician services for the jail.

Moore was diagnosed with hepatitis C virus ("HCV") in 1996. HCV is a virus that infects cells of the liver and can cause inflammation and scarring of the liver. Moore also suffers from Crohn's disease, gastroesophageal reflux disease, and Attention Deficit Disorder ("ADD"). During Moore's incarceration, Dr. Rossino saw him at least every

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

three months for chronic care of his HCV. She ordered periodic blood tests to monitor Moore's enzyme levels. She monitored both his AST and ALT enzyme levels and was concerned with both the stability of those levels and whether the levels had increased significantly. Depending on the results of these tests, Dr. Rossino could, under PrimeCare's protocol, recommend consultation with a specialist.

While incarcerated, Moore requested additional visits with Dr. Rossino by completing "Sick Call Slips" or "Medical Request Slips" to address his liver pain. In response to these complaints of pain, Dr. Rossino repeatedly conducted physical exams, ordered additional HCV blood work, and recommended that Moore eat a low-fat diet. On one occasion, she concluded that the pain could be caused by an issue with Moore's gallbladder and prescribed Prilosec to relieve any symptoms related to stomach acid. On this occasion, she also ordered an ultrasound of Moore's gallbladder. On another occasion, Moore complained of right abdominal pain, pointing to his lateral chest and low ribs. In response, Dr. Rossino ordered an x-ray of his chest to examine his ribs, the results of which were normal.

On December 8, 2014, Dr. Rossino performed an HCV RNA, revealing Moore's viral load to be high. Dr. Rossino then referred Moore to a specialist, Sean Connelly, D.O., for an assessment of his HCV. At Moore's next regularly scheduled chronic care visit on December 18, 2014, Moore requested medication to treat his ADD. In January 2015, Dr. Rossino prescribed Adderall, which Moore believed reduced his liver pain.

Moore was assessed by Dr. Connelly's physician assistant in February 2015. The physician assistant diagnosed Moore with chronic HCV and ordered additional blood

3

work.  Moore was then evaluated by Dr. Connelly in March 2015.  Dr. Connelly concluded that Moore should begin courses of two prescription medications for treatment of his HCV.

On April 23, 2015, Dr. Rossino saw Moore, who again complained of pain in the right upper quadrant of his abdomen.  Dr. Rossino noted Moore's visit with Dr. Connelly and that he recommended that Moore be placed on HCV medication.  Dr. Rossino's treatment of Moore ended when he was transferred out of the jail on May 22, 2015.

After Moore's transfer, Joseph Harris, M.D. issued a consultative evaluation.  In his report, Dr. Harris did not criticize the decisions Dr. Rossino made in treating Moore's HCV.  However, Dr. Harris did conclude that PrimeCare's protocol for treating HCV was outdated and inconsistent with the most recent guidelines recommended by the Center for Disease Control.

## II.    Procedural History

Moore filed his initial pro se Complaint in the Court of Common Pleas of Lawrence County, which was then removed to the District Court for the Western District of Pennsylvania.  Moore then filed his pro se Second Amended Complaint.  Moore asserted a § 1983 claim, alleging that Dr. Rossino was deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment.  Specifically, Moore alleged that Dr. Rossino did nothing to treat his HCV or his pain related to his HCV.  Dr. Rossino moved to dismiss Moore's Second Amended Complaint.

While Dr. Rossino's motion to dismiss was pending, Moore moved to join additional defendants.  Construing the motion as a motion to amend his complaint, the

4

District Court granted the motion. The District Court also directed Moore to file a third amended complaint setting forth all claims against all parties, indicating that no further amendments would be allowed. However, Moore moved to set aside the District Court's order, stating that he did not and would not in the future want to file another amended complaint. The District Court granted Moore's motion. About three months later, Moore moved to supplement his Second Amended Complaint. The District Court denied this motion.

The Magistrate Judge issued a Report and Recommendation recommending that Dr. Rossino's Motion to Dismiss be denied. However, the Report and Recommendation contained a footnote suggesting that Moore's claim regarding the treatment of his HCV should be dismissed. The District Court adopted the Report and Recommendation, but did not adopt that footnote.

After discovery, Dr. Rossino filed a Motion for Summary Judgment. The Magistrate Judge issued a Report and Recommendation recommending that the Motion for Summary Judgment be granted. In a footnote, the Magistrate Judge concluded that the District Court dismissed Moore's claim with respect to the treatment of his HCV at the pleadings stage. So, the Magistrate Judge considered only Moore's claim regarding the treatment of his pain in its Report and Recommendation.

The District Court adopted the Report and Recommendation and granted summary judgment for Dr. Rossino. The District Court agreed that Moore's HCV treatment claim was dismissed at the pleadings stage, leaving only his claim regarding the treatment of his HCV-related pain for consideration in assessing the motion for summary judgment.

5

However, the District Court concluded that, even if that claim had not been dismissed, Dr. Rossino would be entitled to summary judgment on both claims. This appeal followed.

## III. Discussion

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Moore argues on appeal that the District Court erred in granting summary judgment in favor of Dr. Rossino.[1] We review a grant of summary judgment *de novo* and apply the same standard used by the District Court. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).

A court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether the movant has satisfied this burden, "we view the facts and draw all reasonable inferences in the light most favorable to the nonmovant." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 533 (3d Cir. 2017). "Material facts are those that could affect the outcome of the proceeding, and a dispute

---

[1] Moore also argues on appeal that the lower court erred in dismissing his failure to treat his HCV claim at the pleadings stage. Although the District Court concluded that this claim was dismissed at the pleadings stage, it went on to state, "But assuming for the sake of argument that [this] ruling was erroneous, [Dr. Rossino] nevertheless would be entitled to judgment 'on *all claims* remaining in the case.'" A. V1029 (emphasis added). The District Court then analyzed both Moore's claim regarding the treatment of his HCV and his claim regarding the treatment of his HCV-related pain in granting summary judgment in favor of Dr. Rossino. In light of the District Court's treatment of Moore's claims and the higher standard the movant must meet on summary judgment, this Court will review both of Moore's claims against Dr. Rossino under the summary judgment standard.

6

about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* at 534 (internal quotations omitted).

Moore also argues on appeal that the District Court erred in denying his motion to supplement his Second Amended Complaint. We review a denial of a motion to supplement for abuse of discretion. *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 327 n.16 (3d Cir. 2015).

For the following reasons, we find that Dr. Rossino is entitled to judgment as a matter of law on both of Moore's deliberate indifference claims, and that the District Court did not err in denying Moore's motion to supplement.

## A. Moore's Deliberate Indifference to Serious Medical Needs Claims

On appeal, Moore argues that Dr. Rossino violated his constitutional rights by showing deliberate indifference to his serious medical needs by (1) failing to provide treatment for his HCV and (2) failing to provide treatment for his HCV-related liver pain. Section 1983 provides a right of action against anyone who, under color of state law, deprives another of a constitutional right. 42 U.S.C. § 1983. In evaluating a § 1983 claim, courts must "identify the exact contours of the underlying right said to have been violated" and "determine whether the plaintiff has alleged a deprivation of a constitutional right at all." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (internal quotations omitted). Courts must next determine whether the plaintiff has demonstrated the "defendant's personal involvement in the alleged wrongs." *Id.* (internal quotation omitted).

7

Pretrial detainees may assert Section 1983 claims for inadequate medical care under the Fourteenth Amendment's substantive due process clause. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003); *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 668 (3d Cir. 1988). "[T]he Fourteenth Amendment affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner." *Natale*, 318 F.3d at 581. So, we will evaluate Moore's § 1983 claims under the same standard used to evaluate similar claims brought under the Eighth Amendment.[2] *Id.* at 581-82.

To establish a deliberate indifference to serious medical needs claim, the plaintiff "must make (1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs and (2) an objective showing that those needs were serious." *Pearson*, 850 F.3d at 534 (internal quotations omitted) (alterations in original). A mere complaint "that a physician has been negligent in diagnosing or treating a medical

---

[2] In his opening brief, Moore argues that this Court "should apply the objective unreasonableness standard adopted by the Supreme Court in [*Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)]" rather than the Eighth Amendment's deliberate indifference standard. Appellant's Br. at 9. However, Moore does not cite to any cases of this Court applying *Kingsley* to a claim of deliberate indifference to a detainee's serious medical needs. Moore also fails to explain how applying an objective unreasonableness standard instead of the deliberate indifference standard would affect the outcome of his appeal. Both standards require the plaintiff to show that the defendant was more than negligent in addressing the plaintiff's serious medical needs. *See Kingsley*, 135 S. Ct. at 2472 ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.") (emphasis in original) (internal quotation omitted); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) ("[T]he test to be applied under *Kingsley* must require a pretrial detainee … to prove more than negligence[,] … something akin to reckless disregard."). Because Moore's claims fail under both standards, we decline to address whether we should apply the new standard here.

condition does not state a valid [constitutional] claim of medical mistreatment[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1994). Moreover, "mere disagreement as to the proper medical treatment does not support a claim of" deliberate indifference. *Pearson*, 850 F.3d at 535 (internal quotations omitted). Rather, where there has been medical care, "we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Id.* As long as a physician exercises professional judgment, his or her behavior does not violate a detainee's constitutional rights. *See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

There is no dispute that Moore had serious medical needs as a pretrial detainee due to his HCV. But, because the record does not support a finding that Dr. Rossino was deliberately indifferent to these needs, Dr. Rossino is entitled to judgment as a matter of law.

Moore's deliberate indifference claim based on Dr. Rossino's treatment of his HCV is properly characterized as an adequacy of care claim. Although Moore asserts in his opening brief that his case is "based on a complete denial of care," there is no dispute that Dr. Rossino treated his HCV. Appellant's Br. at 13. Dr. Rossino saw Moore for chronic care of his HCV at least every three months during Moore's incarceration. She ordered blood tests to monitor his enzyme levels. She monitored the stability of his AST and ALT enzyme levels, as well as whether there were any significant increases in those levels. In addition to the regularly scheduled visits, Dr. Rossino saw Moore in response to his Medical Request Slips. She provided physical exams, encouraged him to eat a

9

low-fat diet, and ordered additional HCV blood tests to treat his HCV. Therefore, Dr. Rossino's actions cannot properly be said to have been a complete denial of care.

Moore has failed to satisfy the standard that applies to adequacy of care claims. First, his expert, Dr. Harris, does not opine that Dr. Rossino's courses of action in treating Moore's HCV fell below the professional standards of care. *See Pearson*, 850 F.3d at 536 (stating that medical expert testimony may be necessary to establish deliberate indifference in an adequacy of care claim). Rather, Dr. Harris criticized *PrimeCare's* outdated protocol, which Dr. Rossino was obligated to follow.

Second, Moore has not pointed to any evidence in the record to support a finding that Dr. Rossino's actions in treating his HCV were anything more than inadvertence or mistake in medical judgment. To demonstrate Dr. Rossino's deliberate indifference, Moore relies on evidence in the record that he argues shows that Dr. Rossino told him he would not be treated for his HCV. He also asserts, without citing to the record, that he was denied outside medical care under false pretenses. Moore's argument is unavailing, however, because Dr. Rossino did in fact treat his HCV, and Moore has not pointed to any evidence in the record demonstrating that non-medical factors motivated her treatment decisions. *See Pearson*, 850 F.3d at 537. *Cf. Durmer v. O'Carroll*, 991 F.2d 64, 67-68 (3d Cir. 1993) (reversing summary judgment for defendant physician where at least some evidence suggested the defendant had a non-medical motive for deliberately avoiding treatment that another physician recommended). So, Dr. Rossino is entitled to summary judgment on this claim.

10

For the same reasons, Dr. Rossino is entitled to summary judgment on Moore's claim regarding his HCV-related liver pain. This claim is also properly characterized as an adequacy of care claim because, rather than deny or delay treatment, Dr. Rossino sought to treat Moore's alleged liver pain by scheduling more blood work, ordering an ultrasound and x-ray, recommending a low-fat diet, and prescribing Prilosec. Moore also has not shown how the record supports the conclusion that Dr. Rossino acted with deliberate indifference in treating his liver pain. Neither the treating specialist nor Moore's expert indicated that Dr. Rossino's course of action fell so far below the requirements of competent, professional medical care as to allow a jury to find that it was motivated by non-medical factors. *See Pearson*, 850 F.3d at 537. This claim, like his HCV treatment claim, is based only on Moore's personal dissatisfaction with Dr. Rossino's treatment, which is not a basis for a deliberate indifference claim. *See Estelle*, 429 U.S. at 106.

### B. Moore's Motion to Supplement

Moore also argues on appeal that the District Court erred in denying his motion to supplement his Second Amended Complaint. Moore makes this argument on the presumption that his claim regarding his HCV treatment was dismissed at the pleadings stage. That is, Moore argues that, if his failure to treat his HCV claim was dismissed, it should not have been, and he should have had the opportunity to supplement his complaint. Here, the District Court did not abuse its discretion in denying Moore's motion to supplement. Three months after the District Court granted Moore leave to file a third amended complaint setting forth all claims against all parties, Moore asked the

11

District Court to set aside that order because he had no intention of filing another amended complaint. The District Court did not, then, abuse its discretion in determining that Moore chose to stand on his Second Amended Complaint and in denying him leave to supplement.

**IV.    Conclusion**

For the foregoing reasons, we will affirm the District Court's order granting summary judgment for Dr. Rossino.